UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60393-RUIZ/STRAUSS

**DEMETRIUS CROSS,**

    Plaintiff,

v.

**JERMAINE JOHNSON,** *et al.*,

    Defendants.
_____/

## ORDER TO STRIKE EXPERT WITNESS

THIS MATTER came before the Court upon Defendants' *Ore Tenus* Motion to Strike Plaintiff's Expert and Rebuttal Expert Witness ("Motion"). [DE 52]. For the reasons stated below and on the record at the December 21, 2023 hearing, Defendants' Motion is **GRANTED**.

## BACKGROUND

The District Judge entered a scheduling order instructing the parties to exchange expert witness summaries or reports by November 14, 2023, and exchange rebuttal expert witness summaries or reports by November 28, 2023. [DE 12]. Moreover, the discovery deadline was December 12, 2023, and all the parties' pre-trial motions, including motions for summary judgment and *Daubert* motions, were due on December 20, 2023. *Id.* Defendants disclosed their expert witness, Daniel Losey, by November 14, 2023. On November 28, 2023, Plaintiff disclosed his expert, Reno Wells. Defendants sought to strike Wells' summary and report due to his untimely disclosure. *See* [DE 27]. At the December 21, 2023 hearing, Plaintiff contended that Wells was intended to serve as both an affirmative expert for Plaintiff's case-in-chief as well as a rebuttal expert. While Plaintiff conceded that Wells' disclosure as an affirmative expert was untimely, he

argued that the untimely disclosure did not prejudice Defendants. In the alternative, Plaintiff argued that if the Court struck Wells as an affirmative expert witness, the Court should nevertheless permit Plaintiff to use Wells as a rebuttal expert witness.

## **ANALYSIS**

A party must make its expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, it is undisputed that Plaintiff failed to timely disclose Wells as an affirmative expert witness. Plaintiff further concedes that his untimely disclosure was not substantially justified. Therefore, to use Wells as an affirmative expert, Plaintiff must establish that the untimely disclosure was harmless. *See Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 812 (11th Cir. 2017) (placing the burden under Rule 37(c)(1) on the rule-breaking party). Plaintiff has failed to meet this burden.

Plaintiff argues that the late disclosure of Wells has not harmed Defendants because Defendants were able to depose Wells for five hours. However, Plaintiff cannot show that this deposition rendered his late disclosure harmless. In this case, the discovery deadline was December 12, 2023, and all pre-trial motions (including *Daubert* motions) were due by December 20, 2023. [DE 12]. Upon receiving and reviewing Wells' expert report, Defendants requested certain documents from Plaintiff pertaining to Wells and his opinions, including law enforcement guidelines on which he relied in forming his opinions.[1] Plaintiff did not provide those documents

---

[1] Notably, Wells' expert report made no mention of such guidelines, although he identified sets of guidelines on which he relied during his deposition.

prior to the discovery or the pre-trial motion deadline and still had not provided them as of the December 21, 2023 hearing.  Plaintiff's late disclosure of Wells' report truncated the time within which Defendants could seek such materials from Wells.  Moreover, Wells' failure to bring such materials to his deposition, and Plaintiff's continued failure to provide them thereafter, further compounded Defendants' harm.  This failure thus impacted Defendants' ability to effectively depose Wells, to have their expert formulate a response to Wells' opinions, and to fully address Wells' opinions in a *Daubert* motion before the Court's deadlines.  Plaintiff therefore has not established that his untimely disclosure of Wells as an affirmative expert is harmless, and thus, Plaintiff may not use Wells as an affirmative expert witness.  *See* Fed. R. Civ. P. 37(c)(1).

Plaintiff next asserts that this Court should permit Wells to serve as a rebuttal expert witness.  A rebuttal expert witness "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii).  "[A] rebuttal report cannot be used to advance new arguments or new evidence." *Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 WL 4793444, at *4 (S.D. Fla. Aug. 17, 2020).

> "District courts, including those in Florida, are not hesitant to exclude or substantially limit expert opinion testimony at trial when an expert is masquerading as a rebuttal expert because the attorney missed the deadline for expert witness disclosures and tried to cure that mistake by strategically and incorrectly attaching the 'rebuttal expert' designation to the tardily-disclosed expert."

*Id.* at *5 (citing, *inter alia*, *Flamingo South Beach I Condo. Ass'n, Inc., v. Selective Ins. Co. of Se.*, 492 F. App'x 16, 21–26 (11th Cir. 2012) (upholding order striking a purported rebuttal expert report because it was not "solely in rebuttal" to the opposing party's expert)).

Based on review of both experts' reports and the arguments of counsel, it is clear that Wells is "an [affirmative] expert [] masquerading as a rebuttal expert." *See id.*  Although the opinions in Wells' report generally do address the same subject matter as Losey, and identifies Losey's report

3

as an item he reviewed, Wells' report does not address or even mention Losey's opinions. It makes no attempt to, for example, critique Losey's methodology, identify facts which Losey either overlooked or misinterpreted, or otherwise examine Losey's analysis. Instead, Wells' report is clearly written as an affirmative report addressing issues that Plaintiff must establish in his case-in-chief (such as the existence of probable cause for Plaintiff's arrest). Indeed, Plaintiff's counsel essentially admitted such in stating that he originally planned to prove his case without an expert until he saw that Defendants would use an expert and now wishes to use Wells in his case-in-chief. In sum, Wells was not properly designated as a rebuttal expert.

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Motion is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of December 2023.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge