UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60393-LEIBOWITZ/STRAUSS

**DEMETRIUS CROSS,**

    Plaintiff,

v.

**JERMAINE JOHNSON,** *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon Defendant, Jermaine Johnson's Motion for Attorney's Fees ("Motion"). [DE 77]. The Motion has been referred to me to take all action as required by law. [DE 78]. I have reviewed the Motion and the record in this case.[1] For the reasons discussed herein, I respectfully **RECOMMEND** the Motion be **DENIED**.

## BACKGROUND

Plaintiff, Demetrius Cross ("Cross"), initially filed suit against Defendants in Florida state court in May 2019. [DE 1] at 1. After two amendments, Cross filed his Second Amended Complaint alleging eight causes of action against Defendant Jermaine Johnson ("Johnson") and one claim of negligent medical evaluation against Defendant Gregory Tony in his official capacity as Broward County Sheriff ("BSO"). [DE 1–2]. Two of the counts Cross alleged against Johnson were brought under 42 U.S.C. § 1983 – Count III, alleging a claim for false arrest, and Count IX,

---

[1] Plaintiff has not filed a Response to the Motion, and the failure to do so "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1); *Pais v. Home Depot U.S.A., Inc.*, No. 21-20824-CIV, 2023 WL 11878294, at *1 (S.D. Fla. May 25, 2023). However, due to the policy considerations of awarding attorney's fees under 42 U.S.C. § 1988, I nevertheless have evaluated the Motion on the merits despite the lack of a Response from Plaintiff.

1

alleging a claim for unreasonable use of force.  The remaining counts against Johnson were state law claims: assault, battery, false imprisonment, conversion, intentional infliction of emotional distress, and malicious prosecution.  *Id.*

On February 28, 2023, Defendants removed the action to this Court.  [DE 1].  The case progressed with minimal docket activity until the eve of the dispositive motions deadline.  Defendants then moved for summary judgment on all counts.  [DE 47].  In response to Defendants' Motion for Summary Judgment and Statement of Material Facts, Cross filed his Statement of Material Facts.  [DE 59].  Unfortunately, Cross' Statement of Material Facts disregarded numerous requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1.  Due to the multitude of deficiencies within Cross' Statement of Material Facts, I found it appropriate to disregard the twenty-two non-compliant facts and deem admitted all of Defendants' facts that were "supported by properly cited record evidence."  *See* S.D. Fla. L.R. 56.1(c), (d).  I then recommended granting summary judgment on the federal claims and remanding the remaining state law claims based on the following facts, and the Court adopted the recommendation in full.  [DE 73, 75].

On June 23, 2015, Cross was driving a vehicle in North Lauderdale, Florida.  [DE 73] at 3.  Cross' cousin, Zevante Bharat ("Bharat"), was a passenger in the vehicle and was not wearing his seatbelt.  *Id.*  Johnson is a Deputy Sheriff with the Broward County Sheriff's Office.  *Id.*  On June 23, 2015, Johnson, while driving in the same area as Cross, observed that Bharat was not wearing a seatbelt.  *Id.*  Johnson noticed Cross and Bharat looking at him and signaled to them to have Bharat put on his seatbelt.  *Id.*  In response, Cross lowered his window and began recording Johnson with his phone.  *Id.*  Johnson then told Cross and Bharat to put on Bharat's seatbelt.  *Id.* ¶ 10.

Johnson and Cross each slowed their respective vehicles, eventually coming to a complete stop in the middle of a two-lane street. *Id*. at 4. Once Johnson's and Cross' vehicles were stopped side-by-side, Johnson, with his police lights flashing (on both the front and side of his vehicle), instructed Cross to "pull over" and "move [his] car up" several times.[2] *Id.*at 4. But Cross did not pull over. Instead, he responded, "No, you pull up, and then I'm a pull up, man." *Id.* After some back-and-forth between Johnson and Cross, Johnson exited his vehicle and approached Cross' vehicle. *Id.* Johnson again instructed Cross to "pull [his] car up" several times. *Id.* Cross continued to argue with Johnson about moving the vehicle up and said he was "going to pull [the vehicle] up" several times but never moved the vehicle. *Id.* After Johnson repeatedly ordered Cross to "pull [his] car up," while Cross continued to say he was going to move up but never did, Cross ended the interaction with "Didn't you hear me say I'm about to pull up, man?  You better be ready, boy." *Id.*

Johnson asserted (and Cross did not sufficiently dispute) that Cross then accelerated his vehicle, sped off, and only stopped once Johnson activated his siren. *Id.* The audio recording indicated that about twenty to thirty seconds elapsed between Cross' last interaction with Johnson before Cross moved his vehicle and when Johnson approached Cross' vehicle on foot the second time. *Id.*

When Cross pulled over, Johnson approached the vehicle and instructed Cross to put his window down, hang up his phone, and put it away. *Id.* at 5. Johnson also instructed Cross to unlock his door. *Id.* Cross did not hang his phone up nor unlock his door, but Johnson was able to reach his arm into the car, through a small opening in the window, and unlock the door. *Id.*

---

[2] The interaction was partially captured with Cross' cell phone and most of the recording only contains audio without video.

3

Johnson attempted to bring Cross out of the vehicle, but Cross resisted. *Id.* To remove Cross from the vehicle, Johnson first pulled Cross by his shirt (unsuccessfully), and then by his hair. *Id.* While Johnson and Cross struggled, Johnson told Cross to "get out of the car." *Id.* After Johnson removed Cross from the vehicle, Cross landed facedown on the ground, and Johnson placed his knee in the middle of Cross' back (for a few seconds) while handcuffing him. *Id.*

In his Response to Defendants' Motion for Summary Judgment, Cross argued that "the success of Defendants['] Motion for Summary Judgment [was] entirely dependent upon whether the court determine[d] that Johnson had probable cause to arrest [Cross]." [DE 56] at 3. Cross then exclusively focused his argument on why he believed Johnson did not have probable cause to arrest him. *Id.* In doing so, Cross relied heavily on the fact that the judge in his state criminal trial had granted Cross a directed verdict. *Id.* That judge's ruling was based on his finding that Cross had not failed to pull his car over and that Johnson had not given Cross an order to pull over. *Id.*

After reviewing the arguments from the parties and the above facts, I found that Cross' § 1983 false arrest claim failed because Johnson had probable cause – and (for purposes of considering a qualified immunity defense) at the very least arguable probable cause – to arrest Cross. [DE 73] at 7. The undisputed facts established that Johnson witnessed Cross and Bharat violate at least two traffic laws. *Id.* at 9. That permitted Johnson to order Cross to pull over. *Id.* Based on the undisputed facts in the record here, Johnson ordered Cross to pull over, but Cross did not (instead arguing with Johnson, even while claiming he was going to pull over). *Id.* Once Cross did eventually stop, Cross did not follow Johnson's additional lawful commands and resisted. *Id.* at 10–11, n.6. These facts provided probable cause for a violation of Florida Statute § 843.02, which authorizes arrest for knowingly obstructing an officer in the performance of his duties, including by refusing to obey a police officer's lawful command. *Id.* at 11–12.

4

I also addressed why the directed verdict in Cross's state criminal trial did not control the outcome here. First, I explained that Cross had presented no authority for the premise that the state ruling had binding or preclusive effect on this case, particularly given that the burdens of proof in the two cases were different. I also respectfully disagreed with the state trial court's conclusion based on the factual record before me. *Id.* at 13–14. Notably, it was entirely unclear from the filings in this case (particularly Cross' deficient response Statement of Material Facts) what evidence was (or was not) presented in the state criminal trial.

I further found that Cross' § 1983 excessive force claim failed for the same reasons as his false arrest claim. While Johnson argued the excessive force claim as if Cross was making a "genuine" claim for excessive force (i.e. a claim that the officer used excessive force irrespective of whether he had probable cause to make an arrest), it appeared from Cross's response that Cross was asserting an "artificial claim," which is when a plaintiff alleges that an officer's use of force is excessive only because an arrest was not supported by probable cause. *Id.* at 15. A plaintiff's artificial claim of excessive force is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim. *Id.* To the extent Cross was asserting a genuine claim of excessive force, Cross had abandoned that argument given the content of his response brief. *Id.* at 16.

After securing summary judgment on the two federal counts in his favor, Johnson now seeks an award of attorney's fees. [DE 77].

## **ANALYSIS**

Johnson moves for attorney's fees under 42 U.S.C. § 1988 as the prevailing party on Cross' § 1983 claims. Under the American Rule, "[o]ur legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless [of] whether he wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). However, § 1988 allows the award of "a reasonable

5

attorney's fee" to "the prevailing party" in numerous types of civil rights cases, including suits brought under § 1983. In *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978), the Supreme Court emphasized that § 1988 effectuates Congress' intent to "make it easier for a plaintiff of limited means to bring a meritorious suit" while also "deter[ring] the bringing of lawsuits without foundation by providing that the prevailing party — be it plaintiff or defendant — could obtain legal fees." *Id.* at 420 (internal quotations omitted).

Under § 1988, "a prevailing defendant is entitled to recover attorney's fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Baker v. Alderman*, 158 F.3d 516, 524–25 (11th Cir. 1998) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14; *see also O'Neal v. DeKalb County,* 850 F.2d 653, 658 (11th Cir. 1988) ("Simply because the district court granted the defendants' motion for summary judgment does not mean that the plaintiffs' action was frivolous."). Indeed, the Supreme Court has cautioned that "a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment*, 434 U.S. at 421–22.

Instead, frivolity should be determined on a case-by-case basis. *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1301–02 (11th Cir. 2021). The Eleventh Circuit has highlighted three important factors that shed light on whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits." *Id.* at 1302 (quoting *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)).

No one *Sullivan* factor is dispositive; "[e]ven if all the factors point toward awarding fees, the court must still consider the case as a whole and determine whether the claim was entirely without foundation." *Hamilton v. Sheridan Healthcorp, Inc.*, 700 Fed. Appx. 883, 885 (11th Cir. 2017). These factors permit district courts to exercise their discretion because they are "general guidelines only, not hard and fast rules." *See Sullivan*, 773 F.2d at 1189. Recently, the Eleventh Circuit has added a fourth "particularly important" factor which asks, "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz*, 13 F.4th at 1302; *see also Hamilton*, 700 Fed. Appx. 883, 885 ("As we have explained, a claim is not frivolous when it is 'meritorious enough to receive careful attention and review.'") (quoting *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)). When determining frivolity, the district court must "view the evidence in the light most favorable to the non-prevailing plaintiff." *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003).

As a preliminary matter, Johnson is undoubtedly the prevailing party as the Court granted summary judgment in his favor on all of the federal claims. [DE 73, 75]. However, after considering the four factors the Eleventh Circuit has identified, as well as the facts and circumstances of this case in light of the "stringent standard" put forth by the Supreme Court, I find that Cross' claims were not frivolous.

The first and third *Sullivan* factors — whether the plaintiff established a prima facie case and whether the trial court dismissed the case prior to trial on the merits — do weigh in Johnson's favor. However, the second factor — whether the defendant offered to settle — is neutral at best.

Johnson argues that the second prong weighs in his favor because "the Defendants offered to settle the instant case" during two mediations "for an undisclosed amount of money, which [Cross] elected not to take." [DE 77] at 3. The Eleventh Circuit has explained that "the amount

7

of the offer is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity." *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005); *see also Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 774 (11th Cir. 2008).  When there is an "absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party." *Quintana*, 414 F.3d at 1310.  Here, neither Cross nor Johnson provides any information indicating the amount of Johnson's purported settlement offer.  Thus, while it is possible that the second *Sullivan* factor could weigh in either Cross' or Johnson's favor (depending on the amount offered), the lack of concrete evidence and information on the settlement offer neutralizes this factor, and it consequently does not support either party.

However, the "particularly important" fourth factor — whether there was enough support for the claim to warrant close attention by the court — and the other facts and circumstances of this case weigh against a finding of frivolity.  Notably, Johnson fails to address this factor in the Motion.  *See* [DE 77].  Allegations, regardless of the eventual outcome, which deserved and received careful attention of the court, are not groundless or without foundation.  *See Hughes*, 449 U.S. at 14.  Although this Court ultimately determined that Cross could not support a prima facie case for either § 1983 claim, making this determination required careful consideration and review.

This litigation necessitated nuanced interpretations of Florida statutes and analysis of the proportionality of Johnson's conduct towards Cross as it pertained to noncriminal traffic infractions.  *See Alvarez v. Sch. Bd. of Miami-Dade Cnty.*, No. 17-22556-CIV, 2021 WL 1099842, at *2–3 (S.D. Fla. Mar. 23, 2021) (finding plaintiff's argument not frivolous because the litigation involved nuanced interpretation of Florida legislation and the interplay between various Miami-Dade County School Board procedures and federal law).  While Cross's cell phone recording provided some clear, objective evidence of Johnson and Cross's interaction, evaluating that

interaction in light of the Florida statutes and federal law required the Court to carefully review and parse that recording to understand the precise timeline of events.

Though I ultimately concluded, after that careful evaluation, that Johnson had probable cause to support his actions, it was not an overwhelming case, particularly given the brevity of Cross and Johnson's interaction. Indeed, had Cross properly presented and supported his response Statement of Material Facts, it may have been an even closer call. Furthermore, although I reached the conclusion regarding arguable probable cause for qualified immunity purposes as an alternative reason for awarding Johnson summary judgment, this was not a case where addressing arguments for qualified immunity was completely unnecessary. *Cf O'Boyle v. Thrasher*, 647 Fed. Appx. 994, 996 (11th Cir. 2016) (upholding district court's determination of frivolity in part because the allegations were so insufficient that the district court found addressing qualified immunity unnecessary). In short, while the decision to grant Johnson summary judgment was undoubtedly correct, it was not so obvious as to render Cross's claim frivolous.

Additionally, while this Court respectfully declined to follow the state criminal trial judge's ruling, the fact that the judge analyzed the facts of the case and came to a different conclusion weighs against finding Cross's claim frivolous.[3] *Busby*, 931 F.2d 764, 787 (11th Cir. 1991) ("The fact that one judge on this panel disagrees over the disposition of the directed verdict against [Defendant] demonstrates that this Court had to consider [Plaintiff's] claims against him very carefully."); *O'Neal*, 850 F.2d at 658 (holding that a plaintiff's argument is not frivolous when the cause of action is plausible).

---

[3] Again, I must emphasize that neither party made clear what evidence was, or was not, before the state trial court compared to the record here. Cross's (deficient) response Statement of Material Facts quoted the judge's ruling, but neither that ruling nor any other portion of the record here made clear what testimony or evidence that judge relied upon. Therefore, it is unclear what evidence may have persuaded the state criminal trial judge to direct a verdict for Cross.

9

Finally, § 1988's purpose is to "ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations omitted). This case was brought by a citizen against a police officer in an effort to protect his Constitutionally-guaranteed rights. Importantly, the citizen had already obtained an order from a judge finding that the officer had illegally arrested him. Even though this Court disagreed with that finding, the state court's ruling gave Cross reason to believe his claim was not "frivolous, unreasonable, or without foundation." Moreover, even though Cross' conduct supported probable cause for an arrest, Johnson's conduct (based on the evidence presented here) was not the model of police behavior. In short, this is not the kind of case where attorney's fees should be awarded in order to deter future frivolous claims. To the contrary, awarding Defendant attorney's fees here could deter other similarly situated plaintiffs from "bringing objectively reasonable — though ultimately unsuccessful — suits of a similar nature, thereby thwarting congressional intent that § 1988 be a means to encourage vigorous enforcement of civil rights." *Alvarez*, 2021 WL 1099842, at *3.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 77] be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable David S. Leibowitz, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. §

636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Fort Lauderdale, Florida this 4th day of October 2024.

*[Signature]*
Jared M. Strauss
United States Magistrate Judge